## Charles Wouters, Defendant in Error, v. James W. Stafford, Plaintiff in Error.

### Gen. No. 19,051.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed with finding of facts. Opinion filed November 25, 1914.

### Statement of the Case.

Suit by Charles Wouters against James W. Stafford to recover an alleged balance on eight bills for laundry delivered to guests at defendant's hotel under an arrangement whereby the manager of the hotel collected the articles to be laundered delivered them to plaintiff's drivers, and subsequently distributed them to the guests and collected for the same, the plaintiff's bills being paid by the hotel manager at the end of each week, and a commission being paid to the manager for handling the laundry by the plaintiff. A jury was waived and the court gave judgment for $143.98, a portion of the amount claimed, whereupon the defendant brought error.

C. VAN ALEN SMITH, for plaintiff in error.

GEORGE W. BROWN, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. RELEASE, § 1*—*when release is valid.* In an action to recover an alleged balance on bills for laundry delivered to guests at a hotel under an arrangement whereby the manager of such hotel received a commission on such laundry, where it appeared that the plaintiff had signed instruments releasing the proprietor of the hotel from liability .if he retained a certain person as manager, such releases were valid contracts based on valuable considerations, and prevented recovery as to laundry handled and distributed while such person was manager.

2. BAILMENT, § 7*—*when bailee of laundry may retain same for payment.* Where a laundry company entered into an arrangement whereby it paid a commission to a manager of a hotel for collecting and delivering laundry for the guests, and such laundry company released the hotel proprietor for liability as to laundry delivered while a certain person was manager, it could not recover for such bills not paid by such manager, nor could it retain certain laundry to secure payment of such bills for laundry previously delivered, but as to laundry delivered after the discharge of the manager in question the hotel proprietor was liable, and the laundry company could retain the articles laundered to secure pay for any laundry work done by it not already delivered.

3. BAILMENT, § 7*—*when bailee of laundry can recover for work done.* Where a laundry company retained certain laundry because of the failure of a hotel proprietor to pay bills which were due, it could not recover the bill from the proprietor for the laundry retained until it was delivered to him.